### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SEGUNDO HERNAN SALINAS JAIGUA,** <br> **Petitioner,** <br><br> v. <br><br> **J.L. JAMISON, et al.,** <br> **Respondents.** | **CIVIL ACTION** <br><br><br><br><br> **NO. 25-7115** |

**HODGE, J.**                                                                                      **December 29, 2025**

### MEMORANDUM

Before the Court is Petitioner Segundo Hernan Salinas Jaigua's ("Petitioner" or "Mr. Salinas Jaigua") Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) Mr. Salinas Jaigua was detained by Immigration and Customs Enforcement ("ICE") on December 17, 2025, pursuant to the mandatory detention provision in Section 235 of the Immigration and Nationality Act ("INA"). 8 U.S.C. § 1225(b)(2). Petitioner submits that he has been wrongfully detained under Section 1225(b)(2) and that discretionary detention with the opportunity for a bond hearing under Section 1226(a) is applicable instead because he was residing in the United States at the time of his detention. (ECF No. 1 at 2.) J.L. Jamison, Brian McShane, Todd Lyons, Kristi Noem, the U.S. Department of Homeland Security, and Pamela Bondi (collectively, "Respondents") oppose habeas relief. (ECF No. 5.)

As Respondents concede, the vast majority of the at least 289 district court decisions to consider their position, including thirty-three decisions in this district, have rejected their argument and held that application of Section 1225(b)(2) to noncitizens residing in the United States is unlawful. (ECF No. 5 at 1; ECF No. 2-1 at 2.) For the reasons set forth below, and in keeping with the decisions of my colleagues, Mr. Salinas Jaigua's Petition is granted because this Court finds that Section 1226(a) is applicable and Mr. Salinas Jaigua's detention not only circumvents but

offends due process. In light of this ruling, this Court will not address Mr. Salinas Jaigua's Administrative Procedures Act claim.

I. **PROCEDURAL BACKGROUND**[1]

Respondents do not dispute the facts as stated in Mr. Salinas Jaigua's petition, and therefore the Court accepts them as true. (ECF No. 5 at 2.) Mr. Salinas Jaigua is a native of Ecuador. (ECF No. 1 ¶ 3.) He entered the United States on November 26, 2022 via San Luis, Arizona and was detained by officials from U.S. Customs and Border Protection. (*Id.* ¶ 19.) After a brief period of detention, Mr. Salinas Jaigua was granted parole and released into the United States. (*Id.* ¶ 20.) He was subsequently issued a Notice to Appear, which charged him as removable from the United States pursuant to 8 U.S.C. § 1182(a)(6)(A)(i). (*Id.*) Mr. Salinas Jaigua settled in West Chester, Pennsylvania with his wife, who is a U.S. citizen. (*Id.* ¶ 21.) The parties have not made the Court aware of any criminal history of Mr. Salinas Jaigua. Presumably, the Petitioner does not have a criminal history because, if one existed, the Court expects it would have been stated by the Respondents. While the Court does not rest its decision on presumptions, the Court does believe it is reasonable to infer that the absence of any commentary on a criminal history for Mr. Salinas Jaigua suggests that one does not exist.

Mr. Salinas Jaigua is the beneficiary of an approved Petition for Alien Relative, which his wife filed on September 6, 2024. (*Id.* at 2, 21.) He has an application for adjustment of status to legal permanent resident pending with the Executive Office of Immigration Review ("EOIR"). (*Id.* at 2.)

On December 17, 2025, Mr. Salinas Jaigua presented at an ICE Office in Philadelphia for a routine check-in, as he had done twice previously. (*Id.* ¶¶ 23, 24.) Without warning or a stated

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

justification, ICE agents arrested Mr. Salinas Jaigua and detained him at the Federal Detention Center ("FDC") in Philadelphia, Pennsylvania, where he remains. (*Id.*) Mr. Salinas Jaigua promptly filed the instant Petition, seeking his release from detention by ICE or, in the alternative, a bond hearing in which the Respondents bear the burden of justifying his continued detention. Respondents oppose habeas relief.[2] (ECF No. 5.)

## II.     LEGAL STANDARD

A federal district court is authorized to grant a writ of habeas corpus under 28 U.S.C. § 2241 where the petitioner is "in custody under or by color of the authority of the United States . . ." The burden is on the petitioner to show that his confinement is unlawful. *Goins v. Brierley*, 464 F.2d 947, 949 (3d Cir. 1972).

## III.     DISCUSSION

Respondents argue this Court lacks jurisdiction to hear Mr. Salinas Jaigua's claims pursuant to 8 U.S.C. §§ 1252(g), 1252(b)(9), and 1252(a)(2)(B)(ii). (ECF No. 5 at 6–10.) However, as my colleagues have explained repeatedly in numerous similar opinions issued on the same issue that is now before this Court, none of these statutes are applicable to the instant Petition. *See Demirel v. Fed. Det. Ctr. Philadelphia*, No. 25-cv-5488, 2025 WL 3218243, at *2–3 (E.D. Pa. Nov. 18, 2025) (Diamond, J.); *Cantu-Cortes v. O'Neill*, No. 25-cv-6338, 2025 WL 3171639, at *1 (E.D. Pa. Nov. 13, 2025) (Kenney, J.); *Kashranov v. Jamison*, No. 25-cv-5555, 2025 WL 3188399, at *3–4 (E.D. Pa. Nov. 14, 2025); (Wolson, J.); *Patel v. McShane*, 25-cv-5975 (E.D. Pa. Nov. 20, 2025) (Brody, J.). This Court adopts the reasoning of those decisions here.

---

[2] Respondents submit that this matter can be resolved on the briefs and without a hearing. (ECF No. 5 at 5.)

The primary issue the parties dispute is whether mandatory detention pursuant to Section 1225(b)(2)(A) is unlawful where, as here, a noncitizen is already present in the United States. Section 1225(b)(2)(A) provides that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a [removal] proceeding . . . ." By contrast, 8 U.S.C. § 1226(a) "applies to aliens already present in the United States," *Jennings v. Rodriquez*, 583 U.S. 281, 303 (2018), and provides that "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." The Attorney General "may release" noncitizens on "bond" or "conditional parole," except if they have committed any of the criminal offenses listed in Section 1226(c). 8 U.S.C. § 1226(a).

Reversing course, on July 8, 2025, the Department of Homeland Security ("DHS") issued a policy instructing all ICE employees to consider anyone deemed inadmissible under § 1182(a)(6)(A)(i)—*i.e.,* all those who entered the United States without admission or inspection—to be subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) and therefore ineligible to be released on bond. (ECF No. 2-1 at 2.) This policy was subsequently enshrined in a September 5, 2025 decision by the Board of Immigration Appeals ("BIA"), which took the position that all non-citizens who are present in the United States without admission are subject to mandatory detention under Section 1225(b) and that an immigration judge has no authority to consider their bond requests. *Matter of Yajure Hurtado*, 29 I.&N. Dec. 216 (B.I.A. 2025).

As the Supreme Court has explained, "aliens *already in the country* pending the outcome of removal proceedings" may be detained pursuant to Section 1226(a). *Jennings*, 583 U.S. at 289 (emphasis added). By contrast, Section 1225(b) "applies primarily to aliens seeking entry into the

4

United States." *Id.* at 297. Respondents assert that Congress crafted the "applicants for admission" language of Section 1225(b)(2)(A) broadly to include noncitizens like Petitioner who are already present within the United States. (ECF No. 5 at 16.) However, as my colleagues have reasoned, if the Court accepts Respondents' argument that Section 1225(b)(2)(A) applies to all "applicant[s] for admission," then there was no need for Congress to specify that Section 1225(b)(2)(A) would apply to "alien[s] seeking admission." *Demirel*, 2025 WL 3218243, at *4. This Court must grant "every clause and word of a statute . . . meaning" and render "no clause, sentence, or word . . . superfluous, void, or insignificant." *United States, ex rel. Polansky v. Exec. Health Res., Inc.*, 599 U.S. 419, 432 (2023); *TRW Inc. v. Andrews*, 534 U.S. 19, 31 (2001). If this Court adopted the Government's reading of Section 1225(b)(2)(A) to apply to "all applicant[s] for admission," it would render the phrase "seeking admission" superfluous. However, the text "seeking admission" is not unnecessary and, thus, shall not be ignored by this Court. The text has an intended purpose and meaning which requires the Court to apply it as such.

Here, the parties do not dispute that Mr. Salinas Jaigua was already in the United States upon his detention on December 17, 2025. (ECF No. 1 at ¶ 24.) He was not actively "seeking admission." Rather, he had previously entered the United States, was granted parole, and resided here for over three years. This Court raises the question, what has Mr. Salinas Jaigua done since his last check-in appointment before December 17, 2025 to justify his detention without a hearing? Based on the facts as stated and, more importantly, conceded by the Respondents, he has done nothing. There are no facts presented to this Court that demonstrate a basis for his detention absent a hearing. I therefore follow the decisions of my colleagues and hold that Section 1225(b)(2)(A) cannot apply to Mr. Salinas Jaigua. *See, e.g.*, *Patel*, 25-cv-5975; *Demirel*, 2025 WL 3218243; *Kashranov*, 2025 WL 3188399; *Cantu-Cortes*, 2025 WL 3171639.

Respondents assert that "Petitioner's detention does not offend due process." (ECF No. 5 at 16.) This Court strongly disagrees. The Fifth Amendment's Due Process Clause prevents the Government from depriving any person of "life, liberty, or property, without due process of law." The "Due Process Clause applies to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). To determine whether a government action violates due process, courts apply the balancing test outlined in *Mathews v. Eldridge*, which weighs: (1) the private interest implicated by the government action; (2) the risk of an erroneous deprivation and the probable value of additional safeguards; and (3) the Government's interest, including administrative burdens of additional procedures. 424 U.S. 319, 334 (1976).

All three *Mathews* factors weigh in favor of Mr. Salinas Jaigua. In this instance, Mr. Salinas Jaigua has a strong private interest in his personal liberty. The failure of the Government to afford him *any* individualized determination regarding whether he posed a danger or flight risk poses a high risk of erroneous deprivation of his rights, while a bond hearing imposes minimal administrative burden. Respondents have not set forth any circumstances that have changed such that Mr. Salinas Jaigua poses more of a danger or flight risk now than when he was initially released from detention at the border in 2022. To the contrary, the fact that Mr. Salinas Jaigua had, prior to his most recent detention, (1) submitted an application for adjustment of status to legal permanent resident with the EOIR based on the approved Petition for Alien Relative filed by his U.S. citizen spouse, (2) no demonstrable criminal record, and (3) voluntarily appeared for a check-in with ICE indicate the opposite conclusion. Therefore, the application of the *Mathews* factors and constitutional due process necessitated a bond hearing prior to Mr. Salinas Jaigua's detention

on December 17, 2025. That is a procedural fact that did not take place. Because that hearing did not occur, Petitioner should not now be in custody.

### IV.     CONCLUSION

For the aforementioned reasons, Mr. Salinas Jaigua's detention without a bond hearing offends the INA and the Due Process Clause of the Fifth Amendment. Therefore, this Court grants Mr. Salinas Jaigua's Petition, orders his immediate release, permanently enjoins the Government from re-detaining him under Section 1225(b)(2)(a), and temporarily enjoins the Government from re-detaining him under Section 1226(a) for seven days following his release. An appropriate Order follows.

BY THE COURT:

/s/ Hon. Kelley B. Hodge
_____
**HODGE, KELLEY B., J.**